# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 01033 | **DATE** | 4/11/2013 |
| **CASE TITLE** | Jerry V. Johnson vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed in forma pauperis [4] is granted. He may proceed with his case without paying the filing fee. However, for the reasons set forth below, the complaint is dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Mr. Johnson has leave to file an amended complaint within 30 days of this order.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

A plaintiff in federal court is required to plead sufficient factual matter to state a claim for relief that is plausible. *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011). Here, plaintiff Jerry Johnson appears to be contesting the impoundment of his car and the fairness of the state administrative, and then judicial, proceedings that ensued. However, he fails to set forth allegations that suggest a plausible claim for relief under federal law against the defendants he names.

In its current form the complaint fails to plausibly suggest any cognizable claim against the named defendants. Apart from the general lack of factual details to explain the nature of his claim, Mr. Johnson has sued defendants who are likely immune from suit for decisions made in their adjudicative roles—the administrative law judges, *see Butz v. Economou*, 438 U.S. 478, 512–13(1978)—or, in the case of the mayor, not involved at all in the process of enforcing the motor vehicle code. (That Mr. Johnson directly contacted the mayor for help with his problem, unsuccessfully, does not in itself make the mayor a proper party if he was not personally involved in causing the alleged harm in the first place). The City of Chicago—and not its departments, which are not legally distinct from the City itself—is an appropriate defendant only if the plaintiff's injury resulted from some official custom or policy. *See McCauley*, 671 F.3d at 616. Mr. Johnson's claims as currently stated appear to pertain only to the way the vehicle code was enforced against him, not to any actual or *de facto* policy of the City of Chicago; moreover, simply pleading the legal conclusion that the unconstitutional action was taken pursuant to an official policy is insufficient. *Id*. at 617-18. In any amended complaint, Mr. Johnson should take care to identify appropriate defendants and explain what actions or omissions of theirs harmed him. He must adequately inform the defendants of the nature of his claims and not merely give a formulaic recitation of the cause of action. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

| STATEMENT |
|---|

In addition, if Mr. Johnson chooses to replead his claims, he should be cognizant of the *Rooker-Feldman* doctrine, which confirms that a federal district court lacks jurisdiction to review a decision of a state court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 283-84 (2005). Here, the Circuit Court of Cook County affirmed the administrative law judge's decision denying Johnson's challenge to the impoundment of his vehicle. (The precise nature of Mr. Johnson's objection is unclear but appears to relate either to his disability or to the city's failure to deliver the citations that went unpaid and led to the impoundment.) Mr. Johnson's claims may therefore invite this Court, impermissibly, to determine whether the state court acted appropriately. If he intends to allege due-process violation independent of the judgment itself—a claim that *Rooker-Felman* would not bar, *see Brokaw v. Weaver*, 305 F.3d 660, 665 (7th Cir. 2002)—he needs to supply some supporting facts. Furthermore, there is an exception to the *Rooker-Feldman* doctrine that allows plaintiffs to litigate in the federal system if they were not afforded a reasonable opportunity to raise their claims in state court. *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901-902 (7th Cir. 2010). The complaint suggests at least a possibility that the exception might apply, as Mr. Johnson alleges that he appealed the adverse administrative decision to the circuit court but "went unheard" despite appearing and was denied all relief. But he does not say whether he appealed that decisions to the Illinois Appellate Court, nor does he suggest that he lacked the opportunity to raise his due-process argument in state court. *See id.* at 902.

The plaintiff's complaint therefore is dismissed without prejudice. Mr. Johnson is granted leave to file an amended complaint within 30 days of this order. Failure to do so will result in dismissal of the case. Mr. Johnson is also advised that any documents he files, such as exhibits to his complaint, are in the public record. If he wishes to keep his medical records or other personal information private, he should not attach them to his pleadings.